JOHN C. BOWERS, PROSECUTOR, v. BOARD OF CHOSEN FREEHOLDERS, MIDDLESEX COUNTY, JAMES P. HANEY AND PHILIP BRENNER, DEFENDANTS.

Submitted October 7, 1941—Decided December 15, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Leo Goldberger.*

For the defendants, *Edmund A. Hayes* and *John T. Keefe.*

The opinion of the court was delivered by

PORTER, J.   The prosecutor, John C. Bowers, is a property owner in the Borough of Metuchen, Middlesex County, and holds office there as a Justice of the Peace.  He has a rule to show cause why a writ of *certiorari* should not be issued to review the legality of certain proceedings of the Board of Chosen Freeholders of Middlesex County relating to a resolution appropriating money for the maintenance of the First and Second Judicial Courts of Middlesex County which were established by chapters 337 and 338 of the *Pamph. L.* of 1941.

These laws became effective August 4th, 1941.  They created the First and Second Judicial Districts of the county and enumerated the territory embraced in each and transferred and vested in them all the powers and duties theretofore in the District Courts of the Cities of New Brunswick and Perth Amboy.  The new courts have been functioning since their creation.  The said statutes imposed upon the county the

costs of maintenance. In pursuance therewith the defendant Board of Chosen Freeholders adopted on August 21st, 1941, the resolution under attack appropriating funds to cover the cost of maintenance of the said courts.

The prosecutor as Justice of the Peace is prohibited from exercising any civil jurisdiction in the judicial district in which he resides under *N. J. S. A.* 2:8-46. It is obvious therefore that his object in seeking relief is a selfish one. He has a legal status, however, to attack the resolution because he is a taxpayer in one of the judicial districts. But, we think he has not shown as such taxpayer that he has or will be harmed because the proofs do not and indeed could not at this time show that the courts will not be self sustaining. A writ of *certiorari* will not be issued unless it clearly appears that the threatened injury is real and not merely prospective and uncertain. The public interest and not that of a single individual must also be considered on an application of this kind. *Cf. Middleton* v. *Robbins,* 53 *N. J. L.* 555; *Daniel B. Frazier Co.* v. *Harvey Cedars,* 111 *Id.* 163.

Moreover, the prosecutor has no status at all with respect to the Judicial District Court situate at the place in which he does not reside and for the maintenance of which his property would not be taxed. So, an attack on the resolution in so far as it relates to that court would be futile. A writ of *certiorari* will not be allowed where nothing practical will be accomplished. *Parker* v. *Point Pleasant,* 11 *N. J. Mis. R.* 535.

In attacking this resolution the prosecutor raises questions of the constitutionality of the statutes creating these courts. Having concluded that the writ should not be issued for the reasons stated a consideration of those questions becomes unnecessary.

The application is denied and the rule to show cause dismissed.